Ethan Forrest, Esq. (State Bar No. 286109)
eforrest@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:  (415) 591-7008
Facsimile:   (415) 955-6511


Attorney for Plaintiff
THE AMERICAN AUTOMOBILE ASSOCIATION, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.,

     Plaintiff,

     v.

AAA AUTO BODY & REPAIR, INC. and
SARBJEET TAKHAR,

     Defendants.

Case No.: 14-4131

**COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES**

Plaintiff, The American Automobile Association, Inc. ("AAA"), brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants AAA Auto Body & Repair, Inc. and Sarbjeet Takhar (collectively "Defendants").  AAA alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and California common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), California statute, California Business & Professions Code § 14247, and common law; and for unfair trade practices in violation of the California Unfair Competition Law, California Business &

COMPLAINT

Professions Code § 17200, *et seq.*  AAA seeks injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order enjoining Defendants from using AAA's trademarks in their business name.

2.      This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks").  Defendants have used and continue to use the AAA Marks in commerce without authorization and with full knowledge that they are not authorized to use those marks.  Specifically, Defendants operate an automobile repair service under the business name AAA Auto Body & Repair, Inc.

3.      Defendants' unlawful use of the AAA Marks is likely to cause—and in fact already may have caused—consumers to believe, erroneously, that AAA has endorsed Defendants' services, jeopardizing the goodwill and tarnishing the reputation associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

4.      Defendants' unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks and thus have diluted the distinctive quality of the Marks.  Furthermore, Defendants' use of the famous and distinctive AAA Marks has tarnished and harmed the goodwill and reputation of the AAA Marks.

5.      In addition, on information and belief, Defendants have profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the Marks in California and elsewhere to their benefit and to the detriment of AAA and of consumers, in violation of the laws set forth above.

## I.   JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337, and 1338.  This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

7.      On information and belief, Defendants are subject to personal jurisdiction within the Northern District of California because Defendants conduct business and reside in this District.

8.      Venue is proper under 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

9.      A substantial part of the events or omissions giving rise to the claims in this Complaint occurred within San Jose.  Accordingly, this case should be assigned to the San Jose division of this Court pursuant to Local Rule 3-2.

## PARTIES

10.     Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida.  AAA provides its more than 50 million members with products and services throughout the United States and Canada, including in California.  AAA's services include travel and automobile products and services (including automobile repair services at its AAA Car Care Centers and through AAA Approved auto repair businesses), financial advice, insurance and warranty coverage, and discounts.  AAA provides its products and services through local AAA member clubs, including AAA Northern California, Nevada & Utah.

11.     On information and belief, AAA Auto Body & Repair, Inc. is a corporation organized and existing under the laws of California, with a principal place of business at 1190 North 13th Street, #2, San Jose, California 95112.

12.     On information and belief, Defendant Sarbjeet Takhar is the owner of AAA Auto Body & Repair, Inc. and resides at 32613 Endeavour Way, Union City, California 94587.

## II.  FACTS ENTITLING AAA TO RELIEF

### A.     AAA's Widespread and Substantial Use of Its Registered AAA Marks

13.     Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is largely based on the quality

and reliability of the products and services it offers through its AAA local clubs.

14.     Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter.  It established itself almost immediately as an advocate for travel safety and road improvement. Today, AAA offers a broad range of products and services, including but also going beyond automobiles and travel.

15.     AAA has invested resources, including for advertising campaigns and promotional efforts, to develop and foster the reputation, recognition, and goodwill associated with its products and services.

16.     AAA has used and continues to use the AAA Marks and logo designs in interstate commerce to identify its products and services.  As a result of this use, the AAA Marks have become famous in the United States, including in California, and throughout the world in connection with these products and services.

17.     Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain a reputation for quality, integrity, and reliability.

18.     As a result of AAA's provision of quality products and the continuous advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired value and fame in the United States and throughout the world. Specifically, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services; indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

19.     AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 100 trademarks, including Marks that AAA has used since at least 1902, in connection with the products and services offered to its members.  The federal registrations

Defendants are violating are:

        a)     Reg. No. 829,265, for the AAA Mark, used in connection with automobile association and emergency roadside services;

        b)     Reg. No. 1,449,079, for the AAA APPROVED AUTO REPAIR Mark & Design, used in connection with automobile repair services;

        c)     Reg. No. 2,158,654, for the AAA Mark & Design, used in connection with automobile association and emergency roadside services; and

        d)     Reg. No. 3,426,468, for the AAA APPROVED AUTO REPAIR Mark & Design, used in connection with automobile repair services.

Copies of the registration certificates for the above marks are available on the United States Patent and Trademark office website: http://www.uspto.gov.

20.     Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

### B.    Defendants' Unlawful Use of Plaintiff's AAA Marks

21.     AAA never authorized Defendants to use its AAA Marks.

22.     Nevertheless, on information and belief, Defendants knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the business name AAA Auto Body & Repair, Inc. after Plaintiff's AAA Marks had become famous in California, the United States, and abroad.

23.     AAA learned of Defendants' unauthorized use of its AAA Marks in or around November 2013 when an automobile parts vendor delivered a shipment intended for a AAA Car Care Center to Defendants' facility.

24.     The general manager of the AAA Car Care Center visited Defendants' facility and spoke with the manager about Defendants' use of the AAA Marks.

25.     On December 19, 2013 and January 17, 2014, AAA sent letters by certified mail

1   to the manager, requesting that Defendants discontinue use of the AAA Marks.

2          26.    Although the manager did not reply, Defendants appeared to cease doing

3   business.

4          27.    AAA continued to monitor the telephone number associated with the business,

5   and in or around April 2014 AAA learned that Defendants had begun conducting business at a

6   new address.

7          28.    On April 10, 2014 and May 23, 2014, AAA sent letters by certified mail to the

8   new address, again requesting that Defendants discontinue use of the AAA Marks.

9          29.    Defendants did not reply.

10          30.    On June 26, 2014, AAA called the telephone number associated with the

11   business and spoke with an employee who provided Defendant Sarbjeet Takhar's name.

12          31.    On July 25, 2014, AAA sent a final notice letter to Defendants requesting that

13   Defendants discontinue use of the AAA Marks.

14          32.    Again, Defendants did not reply.

15          33.    On information and belief, at the time Defendants' infringing use of the AAA

16   Marks began and at all times thereafter, Defendants have known, or had reason to know, of

17   AAA's rights in the AAA Mark, and have at all times known, or had reason to know, that those

18   marks are famous and valuable.

19          34.    On information and belief, Defendants knowingly and for profit engaged in the

20   infringing use to attract consumers, knowing that consumers would wrongly believe that the use

21   was sponsored or endorsed by, or associated or affiliated with, AAA.  Indeed, this use already

22   has confused AAA's vendors and may have caused confusion among consumers.

23          35.    Defendants' infringing use has damaged, and will continue to damage, the

24   reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

25          36.    Defendants' infringing use has lessened, and will continue to lessen, the capacity

26   of Plaintiff's AAA Marks to identify and distinguish the products and services provided or

27   endorsed by, or affiliated with, AAA and, thus, dilute the distinctive quality of Plaintiff's AAA

28   Marks.

37.     Further, on information and belief, Defendants' infringing use has been and continues to be of commercial value to Defendants.

38.     For the foregoing reasons, Defendants' infringing use has caused, and will likely continue to cause, injury to AAA and to the goodwill and value of its AAA Marks.

## FIRST CLAIM FOR RELIEF:

### FEDERAL TRADEMARK INFRINGEMENT

### (LANHAM ACT § 32, 15 U.S.C. § 1114)

39.     AAA repeats and realleges the allegations set forth in paragraphs 1–38 of this Complaint.

40.     Defendants' infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services in a manner likely to cause confusion, mistake, and deception.

41.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

42.     These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

43.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## SECOND CLAIM FOR RELIEF:

### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

### (LANHAM ACT § 43(a), 15 U.S.C. § 1125(a))

44.     AAA repeats and realleges the allegations set forth in paragraphs 1–43 of this Complaint.

45.     Defendants' infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. §

COMPLAINT                                              7

1125(a).  Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by Defendants.  This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

46.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

47.     Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

48.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## THIRD CLAIM FOR RELIEF:

## FEDERAL TRADEMARK DILUTION

## (LANHAM ACT § 43(c), 15 U.S.C. § 1125(c))

49.     AAA repeats and realleges the allegations set forth in paragraphs 1–48 of this Complaint.

50.     Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by tarnishing the good reputation associated with the AAA Marks and seeking to derive a commercial benefit from the value and goodwill associated with the AAA Marks.

51.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

52.     Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

**FOURTH CLAIM FOR RELIEF:**

**CALIFORNIA TRADEMARK DILUTION**

**(CAL. BUS. & PROF. CODE § 14247)**

53.     AAA repeats and realleges the allegations set forth in paragraphs 1–52 of this Complaint.

54.     Defendants' infringing use violates California Business & Professions Code § 14247: (i) Plaintiff's AAA Marks are famous in California; (ii) Plaintiff's AAA Marks were famous at the time of Defendants' infringing use; (iii) Defendants' infringing use is intended to derive a commercial benefit from AAA's already famous and distinctive Marks; and (iv) Defendants' infringing use is likely to injure AAA's business reputation and/or a dilute the distinctive value and goodwill associated with AAA's Marks, causing damages to AAA.

55.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

56.     Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

**FIFTH CLAIM FOR RELIEF:**

**CALIFORNIA UNFAIR COMPETITION**

**(CAL. BUS. & PROF. CODE § 17200)**

57.     AAA repeats and realleges the allegations set forth in paragraphs 1–56 of this Complaint.

58.     Defendants' infringing use violates California Business & Professions Code § 17200, *et seq.*, because it constitutes unfair, unlawful, and fraudulent conduct.

59.     Defendants' conduct is unfair in violation of Section 17200 because it allows Defendant to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with AAA and AAA's goods and services.  As described herein, and on information and belief, Defendant has violated, and continues to violate, AAA's rights in

the AAA Marks in order to enjoy the commercial benefits derived there from.

60.     Defendants' conduct is unlawful in violation of Section 17200 because it violates, among others, Sections 32, 43(a), and 43(c) of the Lanham Act, 15 U.S.C. § 1114, 1125(a) and (c), California Business & Professions Code Section 14247, and California common law.

61.     Defendants' conduct is fraudulent in violation of Section 17200 because this conduct is likely to deceive, and may already have deceived, the general public as to whether the Defendants' services are approved or endorsed by, or are otherwise affiliated with, AAA. As a direct and proximate result of Defendants' unauthorized use of the AAA Marks, members of the general public may have mistakenly believed, and will likely continue to believe, that these services are approved or endorsed by, or otherwise affiliated with, AAA.

62.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

63.     Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

64.     On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has suffered damages as a result of such unlawful conduct for which Defendants are responsible.

65.     As a direct, proximate, and foreseeable result of the Defendants' wrongful conduct, AAA has been injured and has lost, and continues to lose, income it otherwise would have received from its customers.  AAA is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of such unfair business acts or practices.

**SIXTH CLAIM FOR RELIEF:**

**COMMON LAW TRADEMARK**

**INFRINGEMENT AND UNFAIR COMPETITION**

66.     AAA repeats and realleges the allegations set forth in paragraphs 1-65 above.

67.     Defendants' unauthorized use of the AAA Marks constitutes trademark infringement and unfair competition under California common law.  AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by AAA.

68.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

69.     Defendants' unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the conduct, further injuring AAA and confusing the public.

70.     On information and belief, Defendants have received substantial revenues and profits as a result of its unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct for which Defendants are responsible.

### SEVENTH CLAIM FOR RELIEF:

### COMMON LAW TRADEMARK DILUTION

71.     AAA repeats and realleges the allegations set forth in paragraphs 1-70 above.

72.     Defendants' unauthorized use of the AAA Marks constitutes trademark dilution under California common law.  Defendants' use began after Plaintiff's AAA Marks became famous and creates a likelihood of association with Plaintiff's famous AAA Marks because they are identical to, or nearly identical to, Plaintiff's marks.  Defendants' acts are likely to cause dilution by blurring by impairing the distinctive quality of Plaintiff's famous AAA Marks.  Moreover, Defendants' unauthorized use of the AAA Marks in commerce is likely to cause dilution by tarnishment.  Specifically, Defendants' use of the AAA Marks to advertise a business that is not authorized by AAA may harm consumers' opinions of, and reliance on, the AAA Marks if the goods and services do not satisfy AAA's exacting criteria for quality and reliability.

COMPLAINT                                          11

73.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

74.     Defendants' violation of the common law of California has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## PRAYER FOR RELIEF

WHEREFORE, AAA respectfully seeks the following relief:

A.     Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

1)     Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

2)     Using multiple combination letter "A's" in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

B.     Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationary, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

COMPLAINT                                    12

C.      Require Defendants to abandon, cancel, delete, and/or withdraw, with prejudice, any U.S. or state trademark applications or registrations that contain the AAA Marks, or any other confusingly similar name, logo, or mark;

D.      Require Defendants to cancel or amend any business name, trade name, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, registrations for AAA Auto Body & Repair, Inc.;

E.      Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.      Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

G.      Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks;

H.      Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and California law;

I.      Award prejudgment interest on all liquidated sums; and

J.      Award such other and further relief as the Court deems just and proper.

1

2   September 12, 2014                          COVINGTON & BURLING LLP

3
                                                By:  /s/ Ethan Forrest
4                                                    Ethan Forrest, Esq.

5                                               Attorney for Plaintiff
                                                THE AMERICAN AUTOMOBILE
6                                               ASSOCIATION, INC.

7   Of Counsel:

8   Neil K. Roman, Esq.
    Ronald G. Dove, Esq.
9   COVINGTON & BURLING LLP
    1201 Pennsylvania Avenue, N.W.
10  Washington, D.C.  20004
    Telephone:  (202) 662-6000
11  Facsimile:   (202) 662-6291

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          14

JS 44   (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government Plaintiff

❑ 3   Federal Question
*(U.S. Government Not a Party)*

❑ 2   U.S. Government Defendant

❑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❑ 153 Recovery of Overpayment of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product Liability<br>❑ 320 Assault, Libel & Slander<br>❑ 330 Federal Employers' Liability<br>❑ 340 Marine<br>❑ 345 Marine Product Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle Product Liability<br>❑ 360 Other Personal Injury<br>❑ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❑ 365 Personal Injury - Product Liability<br>❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❑ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal Property Damage<br>❑ 385 Property Damage Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g)) | ❑ 375 False Claims Act<br>❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 490 Cable/Sat TV<br>❑ 850 Securities/Commodities/ Exchange<br>❑ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts<br>❑ 893 Environmental Matters<br>❑ 895 Freedom of Information Act<br>❑ 896 Arbitration |
| **REAL PROPERTY**<br>❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | **CIVIL RIGHTS**<br>❑ 440 Other Civil Rights<br>❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/ Accommodations<br>❑ 445 Amer. w/Disabilities - Employment<br>❑ 446 Amer. w/Disabilities - Other<br>❑ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❑ 463 Alien Detainee<br>❑ 510 Motions to Vacate Sentence<br>❑ 530 General<br>❑ 535 Death Penalty<br>**Other:**<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition<br>❑ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>❑ 710 Fair Labor Standards Act<br>❑ 720 Labor/Management Relations<br>❑ 740 Railway Labor Act<br>❑ 751 Family and Medical Leave Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❑ 870 Taxes (U.S. Plaintiff or Defendant)<br>❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❑ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1 Original Proceeding   ❑ 2 Removed from State Court   ❑ 3 Remanded from Appellate Court   ❑ 4 Reinstated or Reopened   ❑ 5 Transferred from Another District *(specify)*   ❑ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❑ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

(Place an "X" in One Box Only)   ( ) SAN FRANCISCO/OAKLAND   ( ) SAN JOSE   ( ) EUREKA