UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> AAA AUTO BODY & REPAIR, INC., et al., <br><br> Defendants. | Case No.  14-cv-04131-KAW <br><br> ORDER OF REASSIGNING CASE TO A DISTRICT JUDGE; AND REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> Dkt. No. 21 |

Plaintiff American Automobile Association ("AAA") moves for default judgment against defendants AAA Auto Body & Repair, Inc. and Sarbjeet Takhar ("Defendants") for trademark infringement. Plaintiff's motion follows entries of default on November 20 and 21, 2014. Defendants have not appeared in this action, nor have they responded to Plaintiff's complaint or motion for default judgment. Plaintiff seeks injunctive relief and an award of reasonable costs.

On January 8, 2015, the Court ordered Plaintiff to provide supplemental briefing in support of its motion for default judgment. On February 5, 2015, the Court held a hearing on Plaintiff's motion for default judgment, at which Defendants did not appear.

Since Defendants, by virtue of being in default, have not consented to the undersigned, the Court reassigns this action to a district judge and recommends that Plaintiff's motion be GRANTED.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff AAA is a corporation that provides its members with products and services throughout the United States and Canada. (Compl. ¶ 10.) This includes travel and automobile products and services, including automobile repair services at its AAA Car Care Centers and through AAA approved auto repair businesses. *Id.* AAA has registered more than 100 trademarks

with the United States Patent and Trademark Office, including Marks that AAA has used since at least 1902. (Compl. ¶ 19.)  AAA has used and continues to use the AAA Marks and logo designs in interstate commerce to identify its products and services.  (Compl. ¶ 16.)  As a result, the AAA Marks have become famous in the United States, including California, and through the world in connection with its products and services. *Id.*  Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks. (Compl. ¶ 17.) Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain a reputation for quality, integrity, and reliability. *Id.*

Defendants AAA Auto Body & Repair, Inc. ("AAA Auto Body") and Sarbjeet Takar were never authorized to use the AAA Marks. (Compl. ¶ 21.)   AAA learned of Defendants' unauthorized use of the AAA Marks—by using the business name AAA Auto Body & Repair, Inc. after the Marks had become famous—in or around November 2013 when an automobile parts vendor delivered a shipment intended for a AAA Car Care Center to Defendants' facility. (Compl. ¶¶ 22-23.) Thereafter, the general manager of the AAA Car Care Center visited Defendants' facility and spoke with the manager about Defendants' use of the AAA Marks. (Compl. ¶24.)  On December 19, 2013 and January 17, 2014, AAA sent letters by certified mail to the manager, requesting that Defendants discontinue use of the AAA Marks. (Compl. ¶ 25.)  Even though the manager did not reply, Defendants appeared to cease doing business. (Compl. ¶ 26.)  AAA continued to monitor the telephone number associated with the business, and in or around April 2014, AAA learned that Defendants had begun conducting business at a new address. (Compl. ¶ 27.) On April 10, 2014 and May 23, 2014, AAA sent cease and desist letters by certified mail to the new address, again requesting that Defendants discontinue use of the AAA Marks, but Defendants did not reply. (Compl. ¶¶ 28-29.)  On June 26, 2014, AAA called the telephone number associated with the business and spoke with an employee who provided Defendant Sarbjeet Takhar's name. (Compl. ¶ 30.)  On July 25, 2014, AAA sent a final notice letter to Defendants requesting that Defendants discontinue use of the AAA Marks, and again received no response. (Compl. ¶¶ 31-32.)

On September 12, 2014, AAA filed the instant suit alleging federal and California state trademark infringement, federal and California state unfair competition, and federal and California state trademark dilution. Specifically, AAA alleges that Defendants are infringing on four of its Marks.[1] The summons and complaint was personally served on AAA Auto Body & Repair on September 24, 2014 by serving Manager Nick Singh, who represented that he was authorized to accept service on behalf of the corporation. (Dkt. No. 8.) After numerous attempts to serve Defendant Sarbjeet Takhar at both his Union City and San Jose addresses, he was served by substituted service on October 7, 2014 by leaving the summons and complaint with Mr. Singh at AAA Auto Body & Repair. (Dkt. Nos. 8-10.) Additionally, a copy of the documents were mailed to Mr. Takhar's attention at the San Jose address, which is his place of business. (Dkt. No. 8.) Defendants never served AAA with a responsive pleading.

On November 18, 2014, AAA filed a request for entry of default against both AAA Auto Body and Mr. Takhar, which was served on Defendants by U.S. Mail. (Dkt. No. 11.) The Clerk entered the default against Mr. Takhar on November 20, 2014, but declined to enter default against AAA Auto Body. (Dkt. Nos. 12 & 13.) On November 20, 2014, AAA filed a second motion for entry of default against AAA Auto Body, which was again served on Defendants by U.S. Mail. (Dkt. No. 16.) The Clerk entered default against AAA Auto Body on November 21, 2014. (Dkt. No. 17.)

On December 8, 2014, Plaintiff filed a motion for default judgment seeking a permanent injunction against Defendants' use of AAA's marks, as well as an award of reasonable costs. (Dkt. No. 21.) On January 7, 2015, Plaintiff consented to the undersigned's jurisdiction for all purposes in accordance with the provisions of 28 U.S.C. § 636(c). (Dkt. No. 24.) Defendants, by virtue of being in default, have not consented.

---

[1] The Marks AAA contends are being violated are Reg. No. 829,265 (for the AAA Mark, used in connection with automobile association and emergency roadside services), Reg. No. 1,449,079 (for the AAA APPROVED AUTO REPAIR Mark & Design, used in connection with automobile repair services), Reg. No. 2,158,654 (for the AAA Mark & Design, used in connection with automobile association and emergency roadside services), and Reg. No. 3,426,468 (for the AAA APPROVED AUTO REPAIR Mark & Design, used in connection with automobile repair services). (Compl. ¶ 19.)

3

1  On January 8, 2015, the Court ordered Plaintiff to provide supplemental briefing in support
2  of its motion for default judgment, which was filed on January 22, 2015. (Pl.'s Brief, Dkt .No. 26.)
3  On February 5, 2015, the Court held a hearing, at which Defendants did not appear.

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* at 999 (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. See *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the Eitel factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### B. Subject Matter Jurisdiction and Personal Jurisdiction

Plaintiff's complaint alleges trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c)(1), California Business & Professions Code §§ 14247, 17200, and common law. This court has

4

subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1338(a), and pendant jurisdiction to decide related state law claims under 28 U.S.C. § 1367.

Venue is proper in the Northern District of California under 28 U.S.C. § 1391, as AAA Auto Body & Repair is a corporation with a principal place of business at 1190 North 13th Street, San Jose, California 95112, which is located within the Northern District. (Compl. ¶ 11.) Further, Defendant Sarbjeet Takhar is the owner of AAA Auto Body & Repair, Inc. and resides at 32613 Endeavour Way, Union City, California 94587. (Compl. ¶12.)

Plaintiff AAA served both defendants with a copy of the summons and complaint in compliance with California state law. (Dkt. Nos. 8-10.) The court therefore has personal jurisdiction over the parties. *See* Fed. R. Civ. P. 4(e)(1).

**C. Analysis of the Eitel Factors**

Since the Court has jurisdiction in this matter, this Court must turn to the *Eitel* factors to determine whether the entering of a default judgment is appropriate in this matter.

**1. Prejudice**

Plaintiff would be gravely prejudiced if the court does not enter a default judgment against Defendant, because Plaintiff would have no means to protect its service marks and collect the reasonable costs that Defendant owes. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177; Pl.'s Brief at 2.

**2. Merits of Plaintiff's Claims & Sufficiency of the Complaint**

The second and third *Eitel* factors focus on the merits of Plaintiffs' substantive claim and the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471–72. For ease of analysis, these factors are considered together.

    a.   Trademark Infringement under 15 U.S.C. § 1114

AAA's first claim alleged that Defendants committed trademark infringement under 15 U.S.C. § 1114. (Compl. ¶¶ 39-43.) To prove trademark infringement, Plaintiff must show (1) that its marks are valid and protectable trademarks; (2) that plaintiff owns the trademarks; (3) that plaintiff used its marks in interstate commerce; (4) that defendant used in commerce a reproduction or copy of a registered trademark in connection with the advertising or sale of goods or services; and (5) that such use is likely to cause confusion, mistake, or deceive consumers.

5

First, AAA has alleged that its marks are valid and protectable trademarks that were registered with the United States Patent and Trademark Office. Second, AAA has alleged that it owns the trademarks. Third, the complaint alleges that AAA has used its marks in interstate commerce. Fourth, AAA alleged that Defendants, by operating a business under the name AAA Auto Body & Repair, Inc., have used AAA's marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services. Finally, AAA has alleged that Defendants' use of the AAA marks is likely to cause confusion by causing consumers to believe that AAA is affiliated or endorses Defendants' business. Thus, AAA has adequately pleaded a claim for trademark infringement.

### b. Unfair Competition under 15 U.S.C. § 1125(a)

In its second claim, AAA alleged unfair competition by false designation of origin under 15 U.S.C. § 1125(a), which requires Plaintiff to show that Defendants used in commerce

> any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his goods by such person.

15 U.S.C. § 1125(a)(1); Compl. ¶¶ 44-48. The analysis for unfair competition under Section 1125(a) is similar to the analysis for a claim for trademark infringement under 15 U.S.C. section 1114. *Brookfield Commc'ns., Inc., v. West Coast Entm't Corp.*, 174 F.3d 1046–47 (9th Cir. 1999). Here, AAA alleged that Defendants used its marks in such a way that consumers would wrongly believe that the use was sponsored or endorsed by, or associated or affiliated with, AAA. (Compl. ¶ 34.) Indeed, this use already has confused AAA's vendors and may have caused confusion among consumers. *Id.* AAA has adequately pleaded its unfair competition claim under Section 1125(a).

### c. Trade Name or Service Mark Dilution under 15 U.S.C. § 1125(c)(1)

In its third claim, AAA alleged federal trademark dilution. (Compl. ¶¶ 49-52.) To state a claim under Section 1125(c), Plaintiff must show that "(1) its mark is famous; (2) the defendant is making commercial use of the mark; (3) the defendant's use of the mark began after the plaintiff's

6

1    mark became famous; and (4) the defendant's use creates a likelihood of dilution of the distinctive
2    value of the mark." *Avery-Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999).

3    First, AAA alleged in its complaint that its marks are famous.  Second, AAA alleged that
4    Defendants used AAA's marks by naming the business AAA Auto Body & Repair, Inc.  Third,
5    AAA alleged that it its marks were famous since before Defendants began using the marks.
6    Fourth, AAA alleged that Defendants' use of the marks create a likelihood of the dilution of the
7    marks' distinctive value by tarnishing the good reputation associated with the AAA Marks and
8    seeking to derive a commercial benefit from the value and goodwill associated with the AAA
9    Marks.  AAA has adequately alleged its claim of trademark dilution under Section 1125(c).

      d. Injury to Business Reputation and Dilution under California Business & Professions Code § 14247

12   In its fourth claim, AAA alleged trademark dilution under California Business &
13   Professions Code § 14247, the successor statute to Business & Professions Code § 14330. (Compl.
14   ¶¶ 53-56.)  Trademark dilution under California law is "substantially similar" to the federal
15   trademark dilution under 15 U.S.C. § 1125(c). *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868,
16   873 (9th Cir. 1999).  Additionally, section 14330 has been construed consistently with the federal
17   trademark dilution statute. *Nissan Motor Co. v. Nissan Computer Co.*, 378 F.3d 1002, 1015 (9th
18   Cir. 2004).  As mentioned above, AAA has alleged all the necessary elements of a claim for
19   trademark dilution under 15 U.S.C. § 1125(c), and so has adequately pleaded its claim for
20   trademark dilution under California law.

      e. California Unfair Competition under California Business & Professions Code § 17200

23   In its fifth claim, AAA alleged unfair competition under California Business & Professions
24   Code § 17200 based on Defendants' violations of the Lanham Act, California Business &
25   Professions Code § 14247, and California common law. (Compl. ¶¶ 57-65.)  Since this is a
26   derivative claim and AAA has alleged all the necessary elements of the statutory violations, it has
27   sufficiently pleaded a claim for unfair competition in violation of § 17200.
28   ///

United States District Court
Northern District of California

      f. Unfair Competition and Trademark Infringement under Common Law

In its sixth claim, AAA alleged that Defendants committed trademark infringement under California common law. (Compl. ¶¶ 66-70.) Likelihood of confusion is the basic test for common law trademark infringement, and the same standard for likelihood of confusion is used for both common law trademark infringement and federal trademark infringement under 15 U.S.C. § 1114. *See Thane Int'l., Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901 n.3 (9th Cir. 2002). Because AAA has sufficiently pleaded its claim for federal trademark infringement, it has also adequately pleaded its claim for common law trademark infringement. (*See* Pl.'s Brief at 3-4.)

      g. Common Law Trademark Dilution

In its seventh claim, AAA alleges that Defendants engaged in trademark dilution under California common law. (Compl. ¶¶ 71-74.) The common law dilution claim is based on the same factual allegations as the statutory claim, and is "substantially congruent" to claims made under the Lanham Act. *See Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2010 WL 3619780, at *6 (N.D. Cal. Sept. 9, 2010) (citing *Denbicare U.S.A. Inc. v. Toys R Us, Inc.*, 84 F.3d 1143, 1153 (9th Cir. 1996), abrogated on other grounds by *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S.Ct. 1351, 1358 (2013)). Thus, AAA has sufficiently pleaded a claim for common law trademark dilution. (*See* Pl.'s Brief at 4-5.)

### 3. Sum of Money at Stake

The fourth *Eitel* factor focuses on the amount at issue in the action, as courts should be hesitant to enter default judgments in matters involving large sums of money. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. C 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted). The sum of at stake are Plaintiff's reasonable costs totaling $1,931.90, which the Court finds to be appropriately tailored to the conduct in this case, and reasonable under *Eitel*.

### 4. The Possibility of a Dispute Concerning Material Facts

With respect to the fifth prong, Defendants have not participated in this action and have not

8

made any attempt to contest any of Plaintiff's material facts or legal assertions or moved to set aside the entry of default despite being served with all papers. Even if the material facts were found to be untrue, the effect of a permanent injunction on any non-use of the AAA marks would be negligible, because there would be no conduct to be enjoined, and Defendants could move to set aside the default judgment awarding reasonable costs.

### 5. Whether Default was a Result of Excusable Neglect

Plaintiffs properly served Defendants with the Summons and Complaint. Defendants made no appearance in this matter and have not responded to Plaintiffs' motion.  Consequently, there is nothing suggesting that Defendant's failure to appear and litigate this matter is based on excusable neglect. *Shanghai Automation Instr. Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001). (Pl.'s Brief at 6.)

### 6. Federal Rules Preference for a Decision on the Merits

After an examination of these facts in the aggregate, this Court finds that *Eitel* factors one through six outweigh the Federal Rules of Civil Procedure's preference for a decision on the merits. This Court, therefore, recommends an entry of a default judgment.

### III. DAMAGES & INJUNCTIVE RELIEF

In its complaint and in making this motion, Plaintiff asked for an injunction forbidding Defendants from using AAA's marks, and requiring Defendants to destroy or remove all literature, advertising, and electronic materials.  A plaintiff may receive injunctive relief under 15 U.S.C. § 1118 because "injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

### A. Permanent Injunctive Relief

As of the time that AAA filed its complaint, Defendants were still using AAA's Marks in the AAA Auto Body business name. In doing so, Defendants are misrepresenting that it is endorsed by or affiliated with AAA, making it likely that customers would be confused. This Court, therefore, recommends that an order enjoining Defendants from using AAA's trademarks, service marks, and certification marks in any way be issued.

AAA also asks that Defendants be required to file and serve on AAA, within thirty days of entry of the judgment, a report in writing and under oath detailing the manner in which Defendants have complied with the injunction. Since the reporting requirement is permitted by 15 U.S.C. § 1116(a), which pertains to injunctive relief in the infringement context, the Court recommends that Defendants be required to file such a report.

For the Court's contempt power to apply to this injunction, Defendants "must receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). The Court recommends that Plaintiff be instructed to provide proper service of this order, by personal service to the extent possible, within thirty days, and that Plaintiff be ordered to file a copy of the proof of service.

**B. Costs**

Plaintiffs have submitted evidence indicating they incurred court costs in the amount of $1,931.90, including the filing fee in the amount of $400.00, service of the summons and complaint, and courier and messenger fees. (Decl. of Ethan Forrest, Dkt. No. 21-5 ¶ 14, Ex. 1; Supplemental Decl. of Ethan Forrest, Dkt. No. 27 ¶¶ 2-6, Exs. 1-3.) These costs appear reasonable, therefore, the undersigned recommends that the district court award costs in the amount of $1,931.90.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Plaintiff's motion for default judgment be GRANTED, and that the district court award Plaintiff reasonable costs in the amount of $1,931.90.

This Court further recommends that Defendants shall comply with the following:

(1) Pursuant to the Court's authority under 15 U.S.C. § 1116(a), Defendants, their agents, servants, employees, attorneys, and any and all persons in active concert or participation with any of them, are hereby permanently enjoined and restrained from:

    (a) Using without the authorization of AAA any of AAA's trademarks, logos, and trade names, including, but not limited to, the designations "AAA," "AAA Approved," "AAA Approved Auto Repair," or any other name, logo,

|   |   |   |
|---|---|---|
| | | or mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's trademarks, logos, and trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, website, or email address, on or in relation to any goods or services sold or provided by the Defendants, or in any other manner; and |
| | (b) | Using the AAA Marks in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner. |

(2) Pursuant to 15 U.S.C. § 1118, Defendants shall destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationary, Internet content, websites, email addresses, computer files, software, and any other items in their possession or control that contain the infringing designations "AAA," or any term, symbol, or logo confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all computer back-up files and tapes, plates, molds, matrices, masters, and other means in their possession or control of making any of those infringing items.

(3) Defendants shall file with the Court and serve on AAA, within thirty days after entry of an injunction, a report in writing under oath setting forth, in detail, the manner in which they have complied with the Court's injunction and orders. Judgment shall be entered accordingly.

Additionally, Plaintiff shall serve copies of this report and recommendation on Defendants.

///
///
///
///
///
///

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: February 9, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge